**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **FERMIN RUIZ HERNANDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Civil Action No.** |
| v. | ) | **26-12138-FDS** |
| | ) | |
| **ANTONE MONIZ, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings. Petitioner Mayco Fermin Ruiz Hernandez is a Mexican national who has resided in the United States since January 2022.

On April 15, 2026, petitioner was taken into ICE custody. He contends that his continued detention without an individualized bond hearing violates his due-process rights and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.      **Background**

Fermin Ruiz Hernandez, a Mexican national, entered the United States sometime in January 2022.  (Pet. ¶ 2).  He currently resides in Connecticut.  (*Id.*).  He is the father of three children, including a fourteen-month-old U.S. citizen son.  (*Id.* ¶ 3).

Petitioner was taken into custody by federal agents on April 15, 2026.  (*Id.* ¶ 4).

The respondents are Antone Moniz, Superintendent, Plymouth County Correctional Facility; David Wesling, New England Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, U.S. Secretary of Homeland Security; and Todd Blanche, Acting Attorney General of the United States.  (*Id.* ¶¶ 9-14).[1]

On May 12, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 5 at 2-3).

On May 16, 2026, respondents answered the petition.  (Resp'ts' Resp., Dkt. No. 6). Respondents conceded that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*," and that "[s]hould the Court follow its reasoning in *De Andrade*, it would reach the same result here."  (*Id.* at 1).

---

[1] The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent in habeas.  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").  Todd Lyons, Markwayne Mullin, and Todd Blanche are national officials who have no direct supervision over ICE detainees in Massachusetts.  The Court will therefore dismiss the claims against those respondents.

## II.    Analysis

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 802 F. Supp. 3d 325 (D. Mass. 2025), and those of hundreds of courts across the country, *see Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by more than 160 different judges), noncitizens who entered the United States unlawfully but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he is detained in Massachusetts; was not placed in expedited removal proceedings; was apparently neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States.  *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025).  It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has collateral-estoppel effect here.  But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also*

*Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

III.    **Conclusion and Order**

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than June 4, 2026. The claims against respondents Todd Lyons, Markwayne Mullin, and Todd Blanche are DISMISSED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  May 28, 2026                          United States District Judge

4